Our next case for argument this morning is United States v. Gutierrez. We're ready now in United States v. Gutierrez. Mr. Adams. Good morning. May it please the Court, John Adams on behalf of Appellant Defendant Mr. Gutierrez-Valle. Your Honors, Mr. Gutierrez-Valle is a non-violent, first-time offender who is currently serving a 121-month sentence for agreeing to transport drugs. This appeal concerns why the District Court erred in imposing that sentence and specifically why the District Court erred in imposing the sentence under the Leadership Enhancement under 3B11. The first reason the District Court erred concerns culpability. The record is devoid of any evidence suggesting that Mr. Gutierrez-Valle is more culpable than any other member of the criminal organization. What matters for culpability is a common-sense judgment about the defendant's relative responsibility given his status in the criminal hierarchy. That is a clear statement. Mr. Adams, the way you pose the question is, I think, also your biggest hurdle. If there is some common-sense judgment to be made, why doesn't that mean we accept the judgment made by the District Judge? He's the trier of fact. You have a different judgment, perhaps. Perhaps I would have a different judgment. Why aren't we bound by the District Judge's judgment? Yes, Your Honor. Your Honor, the standard of review in this case is de novo. This court's precedent in Collin, Collins, McGee, Mankiewicz, and Brown is very clear that this court reviews the facts, as the District Court found, or the affirmative acts. And whether those affirmative acts indicate a greater degree of relative culpability on behalf of the defendant. And this court can take a look at those facts and put that into context as relatively speaking. It sounds like you're just asking us to be the sentencing judge. No, Your Honor. Which, obviously, we aren't. Understood, Your Honor. This court does review de novo because the culpability question is a question of pure law. In addition, the question of whether... Obviously, we make our own decisions about questions of law. But where someone falls on a scale of culpability doesn't sound like an issue of pure law. I can't look up the answer to that in the United States Code. You're right, Your Honor. And you also can't determine it as a matter of fact that someone is more culpable than the other. What matters for this court... I know. That sounds precisely like a question of fact. Your Honor, this court takes a look at what other acts that other conspirators are doing in the criminal organization. And this court is perfectly capable of analyzing whether those individual acts or even collectively... We are capable, counsel, but we are not district... Sorry. We are capable, but we are not the district judges. Right? There are different roles which are different from who is capable of doing something. If I were sitting as a trial judge, I would be capable of doing these things. But it's assigned by law to a particular person. That's my problem in this case. Understood, Your Honor. And even if this court were to proceed under the clear error standard of review, which assesses whether this court feels a firm and definite conviction that an error has been made, I still think that Mr. Gutierrez-Valle should prevail. In this case, Mr. Gondarilla committed the same affirmative acts that the government contends makes Mr. Gutierrez-Valle a leader of the organization. And it cannot be the case, Your Honor, that looking at the same affirmative acts, that one defendant is more culpable than the other when the same affirmative acts are committed by the same two defendants in the criminal organization. And in this case, what the facts do show are that Mr. Gutierrez-Valle and Mr. Gondarilla were both employees of the criminal mastermind, Mr. Reyes-Ochoa. They both appeared at the Flying J at the behest of Mr. Reyes-Ochoa, and they both received his drugs. Mr. Reyes-Ochoa did nothing more, excuse me, Mr. Gutierrez-Valle did nothing more than agree to transport the drugs. And in this court's precedent, in Collins, acting as a middleman does not warrant enhancement. Your Honor, I'd also like to spend some time on harmless error. This was not harmless error for two reasons. The first reason is if this court vacates the leadership enhancement, Mr. Gutierrez-Valle could be subject to a lesser sentence of 120 months. That is the mandatory minimum under the charges that he received, and he is currently serving a 121-month sentence. In addition, Your Honors, he would also be eligible for the safety valve consideration, which is something that the district judge never considered in this case. With that, Your Honors, I will save the rest of the time for rebuttal. Certainly, Counsel. Mr. Hodges. Good morning, Your Honors, and may it please the court, Counsel. My name is Grant Hodges on behalf of the United States. Your Honors, this appeal concerns the judgment, as Judge Easterbrook, you noted, assigned by law to the district court. As an initial matter, the government contends that this appeal is really about factual findings that are tied to the particular guideline enhancement, which this court reviews for clear error. I'm more inclined to accept clear error than to accept that we make a de novo decision. But we do have a bunch of cases saying that somebody who's just a courier doesn't get a leadership enhancement just because he has some discretion about where is the point of pickup or where is the point of delivery. Do we have more here than that kind of discretion? Yes, Your Honor. And I think that this court has been clear that couriers and middlemen just by their mere status do not become supervisors or organizers or fall within the 3B1.1 scope unless there is more. And here we do have that. We have, first and foremost, an individual who organized the transaction beforehand with, I think, the undisputed leader of the entire conspiracy, Reyes Ochoa. Second, we have him supervising a lower-level associate, Gandaria, throughout the course of the transaction. Third, we have him actually forcing or pressuring Gandaria to go through with the specific transaction, despite Gandaria trying it multiple times twice to withdraw himself from that transaction. And fourth, Your Honor, we have him, through text messages and other communications, organizing and facilitating the handoff for the drugs. So, based on all of that evidence, which the district court relied on at the time of sentencing, which was adduced at trial, there is clearly more here than a simple middleman or a simple courier. Mr. Hodges, did Gandaria testify that Gutierrez was to take the drugs after he received them from Martinez? Yes, Your Honor. I believe that Gandaria did testify that the defendant, Gutierrez, was the intended recipient of the drugs. Was Gandaria going to have any role in further distributing the drugs after he gave the drugs to Gutierrez, or was that Gutierrez's responsibility to then further distribute the drugs? That was Gutierrez's responsibility from that point going forward. And I think that's an important point, Your Honor, because when the government acknowledged in its closing that the government didn't know exactly what the defendant's role was, it was speaking in terms of that prospective distribution of drugs. Obviously, the defendant's getting a million dollars worth of drugs, 11 kilograms. He's not going to use those drugs, but he's going to redistribute them in some manner. The government doesn't know what his role was with respect to that distribution. But nevertheless, with respect to the specific transaction, his role is clear, at least to the extent that it establishes him as a supervisor and as a manager of at least Gandaria, if not Martinez, as well. And I'd also like to speak very briefly to the harmless error point, which opposing counsel raised. We acknowledge the government acknowledges that the enhancement changed the guideline range. It would have been, I believe, 97 to 121 months. Otherwise, the district court did not state that it would impose the same sentence regardless. So based on well-settled case law, remand would be required if this court were to conclude the district court got it wrong with respect to enhancement. That said, in the government's view, safety valve relief simply has nothing to do with whether or not this this error requires remand because it is harmless. The defendant did not meet the criteria for safety valve relief at the time of the initial sentencing, even without the enhancement. He didn't satisfy the tell all provision. I think everyone acknowledges that. I think it's undisputed. So in our view, that aspect of of any erroneous decision would be harmless. But obviously, remand would still be required. And unless the court has further questions, the government would rest on the arguments in its brief. Thank you, Mr. Hodges. Anything further, Mr. Adams? Yes, Your Honor. Two quick points to Judge Kirsch. Opposing counsel just acknowledged that the government did not know what the level of what the role was for Mr. Gutierrez via with respect to distribution, which just leaves his role as transporting the drugs. And this court has held in no uncertain terms that someone transporting drugs or acting as a middleman cannot receive the leadership enhancement. And secondly, with respect to the safety valve relief. Excuse me. Somebody who transport drugs can't get a supervisory enhancement no matter what? In this case, Your Honor. What if the head of the biggest drug organization in the world transports a load of a ton of cocaine from one place to another? Does that immunize him from any enhancement for being the head of the organization? On those facts alone, Your Honor, yes. Obviously not. So the problem here is just for being a transporter, you don't get an enhancement. Then we have to ask the question whether the district judge made a clearly erroneous finding or abused his discretion in concluding that this defendant did something more than that. All right.  Understood, Your Honor. And under that standard of review, if you use clear error, it might maintain the position that the district court clearly erred in assessing the level of culpability because Mr. Gandaria had the same affirmative acts as Mr. Gutierrez via. And then secondly, Your Honor, with respect to the safety valve relief, if this court does vacate the enhancement, Mr. Gutierrez via could satisfy the safety valve relief for the first time on remand. That's the precedent from the 10th Circuit in Figueroa, which most recently visited this very issue. No other appellate court has gone the other way. The 9th Circuit does have an unpublished opinion that the government did raise in its brief, but it's not precedential value in the 9th Circuit. And respectfully, there's no reasoning as to why the defendant couldn't satisfy the safety valve provision for the first time on remand. And with that, Your Honors, with no further questions, I would rest on the briefs. Thank you very much, Mr. Adams. We appreciate your willingness to accept the appointment in this case and the assistance you've been to the court as well as to your client. The case is taken under advisement.